## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **NGOZI PAULA EJIM,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **Case No. 1:25-cv-01798-ADA-SH** |
| | § | |
| **OKAPI ENVIRONMENTAL** | § | |
| **SERVICES, LLC,** | § | |
| *Defendant* | § | |

### ORDER

Before the Court are Plaintiff's Complaint (Dkt. 1), Motion to Proceed *In Forma Pauperis* (Dkt. 2), and Application for Permission to File Electronically (Dkt. 3), all filed November 7, 2025.[1]

### I. Application for Permission to File Electronically

Plaintiff Ngozi Paula Ejim, proceeding *pro se*, asks the Court to approve her request to become an electronic filing user. Because Ejim states that she has regular access to all the technical requirements necessary to e-file successfully, the Court **GRANTS** her Application for Permission to File Electronically (Dkt. 3).

### II. Application to Proceed *In Forma Pauperis*

Ejim also moves for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1). Under § 1915(a)(1), a court may permit a plaintiff to file an action "without prepayment of fees or security therefor" if the plaintiff shows by affidavit that he cannot pay such fees or security. Section 1915(a) "is intended to provide access to federal courts for plaintiffs who lack the financial

---

[1]The District Court referred to this Magistrate Judge all non-dispositive pretrial matters for disposition and all case-dispositive motions for findings and recommendations, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and Judge Alan D Albright's Standing Order on referrals to United States Magistrate Judges. Dkt. 4.

1

resources to pay statutory filing costs." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). In making an *in forma pauperis* determination, courts should consider whether an applicant may pay the filing fee without suffering undue financial hardship. *Id.* "There is no requirement that an individual be absolutely destitute or spend the last dollar they have towards the payment of court costs to enjoy the benefit of in forma pauperis status." *Gibbs v. Jackson*, 92 F.4th 566, 569 (5th Cir. 2024) (cleaned up).

After reviewing Ejim's application, the Court finds that she cannot pay the filing fee without experiencing undue financial hardship. The Court **GRANTS** Ejim *in forma pauperis* status and **ORDERS** her Complaint to be filed without pre-payment of fees or costs. This *in forma pauperis* status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found to be frivolous or malicious under § 1915(e)(2). The Court may impose costs of court against Ejim at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

Service on the Defendant should be withheld pending the District Court's review of these recommendations. If the District Court declines to adopt the recommendations, service should be issued on the Defendant at that time.

### III.   Frivolousness Review Under § 1915(e)(2)

Because Ejim has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under § 1915(e)(2). While *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a plaintiff's *pro se* status offers "no impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). A district court shall dismiss a complaint filed *in forma pauperis* if it determines that the action is

(1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Ejim, who alleges that she has anemia and diabetes, brings this employment discrimination suit against her former employer, Defendant Okapi Environmental Services, LLC. Complaint, Dkt 1 at 6. Ejim alleges that Defendant denied her reasonable accommodations, retaliated against her, terminated her employment, and denied her benefits, in violation of the Americans with Disabilities Act ("ADA"), the Fair Labor Standards Act ("FLSA"), and the Texas Unemployment Compensation Act ("TUCA"). *Id.* at 16-24.

Ejim fails to state in her Complaint whether she exhausted her administrative remedies as to her ADA claim before filing this suit. Before an employee can file an ADA discrimination claim in federal court against her employer, she must exhaust her administrative remedies. *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996) (per curiam). In the ADA context, proper exhaustion of administrative remedies requires an employee to submit a timely charge with the EEOC and file her complaint within ninety days after receiving a right-to-sue letter. *Id.*

Ejim also fails to state whether she exhausted her administrative remedies with regard to her TUCA claim. Under TUCA, a party aggrieved by a final decision of the Texas Workforce Commission "may obtain judicial review of the decision by bringing an action in a county court at law or district court for review of the decision against the commission on or after the date on which the decision is final, and not later than the 14th day after that date." Tex. Labor Code § 212.201(a).

Employees covered by the FLSA are entitled to a minimum wage and overtime compensation. *Aldridge v. Mississippi Dep't of Corr.*, 990 F.3d 868, 872 (5th Cir. 2021) (quoting 29 U.S.C. §§ 206-07). The Act also includes an anti-retaliation provision, "which prohibits employers from retaliating against employees for filing complaints about violations of the FLSA." *Id.* (citing §

215(a)(3)). Ejim fails to explain how Defendant violated the FLSA. If Ejim is alleging a retaliation claim under the FLSA, she must allege that she participated in protected activity under the FLSA. To engage in protected activity, the plaintiff must make a "complaint" about rights protected by the FLSA "and a call for their protection." *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 14 (2011). In addition, Ejim must allege that there was a causal link between the protected activity and the adverse employment action. *Rodriguez v. City of Corpus Christi*, 129 F.4th 890, 898 (5th Cir. 2025).

To determine whether Ejim's claims survive frivolousness review, the Court **ORDERS** Ejim to file a More Definite Statement by **December 3, 2025**, answering the following questions:

> **(1)** Have you exhausted your administrative remedies as to your ADA and TUCA claims? If so, provide documentation demonstrating such.

> **(2)** How did Defendant violate the FLSA?

> **(3)** If you are alleging that Defendant retaliated against you in violation of the FLSA, did you complain about rights protected by the FLSA to Defendant? If so, explain when and who you complained to and the exact complaint that you made and how there is a causal link between that protected activity and your termination.

Failure to fully comply with this Order by the deadline may result in the Court's recommendation that this case be dismissed for failure to prosecute and failure to comply with a court order.

**SIGNED** on November 17, 2025.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE